UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
October 21, 2021
Nathan Ochsner, Clerk

| | |
|---|---|
| Hubert Shipley, | §§§§ |
| Plaintiff, | §§ |
| versus | § Civil Action H-20-2240 |
| Exelon Corporation et al., | §§§ |
| Defendants. | § |

# Opinion on Dismissal

1. *Background.*

Hubert Shipley was an employee with Exelon Corporation for 17 years. Exelon Corporation has a subsidiary called Exelon Generation. Exelon Generation manages the NET Power Demonstration facility in La Porte, Texas. Shipley worked there as an O&M Tech III in Houston between 2017 and 2019. On December 27, 2019, Exelon fired Shipley for poor performance. Shipley says he was fired for reporting misconduct of Exelon Corporation Code of Business Conduct.

2. *Facts.*

Exelon Corporation generates and distributes electricity. It owns Exelon Generation. Exelon Generation also manages NET power that captures carbon from the air to produce clean energy.

In 2002, Shipley began working at Exelon Generation in Dallas. Fifteen years later, he transferred to the NET power plant in Houston to work as a O&M Tech III. Through all of this, Shipley was an at-will employee. Paul McDonough, director of Net Power and site manager, was his supervisor. Dwhyte Barrett and Doug Willis were also shift managers at Net Power who supervised Shipley.

During his employment at the NET power plant, Shipley reported multiple incidents of supervisor misconduct.

First, on December 6, 2018, Shipley reported a conflict of interest after he discovered an employee on the schedule worked for a competitor company in violation of Exelon Corporation Code of Business Conduct. After reporting this conflict to Doug Willis, Shipley says he was retaliated against by being assigned to overnight shifts.

On August 13, 2019, Shipley told an offsite manager that he did not give turnover instructions for the following shift. Dwhyte Barrett and Doug Willis said during turnover that Shipley should bring the oxygen up to 29% and maintain the turbine speed until Toshiba's representatives arrived. Shipley increased the speed of the turbine before Toshiba representatives arrived causing it to overheat. As a result, Shipley says he took steps to mitigate the potential hazard. According to Exelon Generation, its relationship with Toshiba, a technology partner, was disrupted due to several technical errors that evening while Shipley was on duty. After this, Shipley says he was demoted in front of his co-workers.

Two weeks had passed when Shipley's shift manager sent him a final warning that he would be removed from control room duties. Four months after that, Exelon asked Shipley to sign a letter of fault and participate in a performance improvement plan. Shipley refused. On December 27, 2019, Shipley was fired.

Shipley says he was fired in retaliation for reporting misconduct. Exelon says he was fired for two reasons: (a) poor performance, and (b) refusal to participate in a performance improvement plan.

Shipley sued Exelon for (a) breach of contract, (b) promissory estoppel, and (c) negligent supervision.

3. *Breach of Contract.*

Shipley pleaded that the codes of conduct say an employee can not be fired for reporting a violation of the codes. Shipley also says the codes of conduct change the at-will employment relationship and create an enforceable contract.

The codes of conduct create an aspirational ethical standard for employees. Like many companies, Exelon Corporation and Exelon Generation have codes of conduct to serve as a resource for employees. Exelon's Corporation Code of Business Conduct says:

> Exelon will not tolerate retaliation against anyone who, in good faith, raises a question or concern about a potential violation of the Code or potential non-compliance with applicable laws or regulations. Retaliation in any form —threats, harassment, intimidation, violence, reassignment, demotion or firing —impedes our progress and has no place in our organization…anyone who threatens or engages in any act of retaliation will be disciplined, up to and including, termination.

Exelon's code of conduct is not a contract. General statements about procedures and termination rights do not change the at-will relationship. Under Texas law, modifications to an at-will employment status must be expressed rather than implied.[1] Exelon's codes of conduct do not modify the at-will employment contract. It says nothing about contracts. The codes outline goals for other peoples behavior and can be altered. Because the complaint does not establish an enforceable contract, the claim is dismissed.

4. *Promissory Estoppel.*

Shipley pleads promissory estoppel as an alternative to breach of contract. Shipley did not plead facts that show he was terminated for relying on the code

---

[1] Cote v. Rivera, 894 S.W.2d 536 (Tex. App. 1995)

of conduct. Shipley says he spent considerable time and expense imagining that he was acting as a steward to comply with the code of conduct. Also, Shipley says he suffered financial losses because he was "looked over" for a promotion and "did not receive overtime." The codes of conduct do not promise promotions or overtime work.

At-will employment can be terminated by either party at any time. Because the code of conduct does not alter the at-will employment, Shipley could not have reasonably relied on the code of conduct.

5. *Negligent Supervision.*

Shipley pleads that Dwhyte Barrett and Doug Willis's failure to communicate turnover instructions caused Shipley to roll the turbine which led to his wrongful employment. Exelon says he was fired for poor performance and resisting an opportunity to improve his work through a plan. At the very least, his refusal to participate in the plan was the proximate cause for his termination.

Under Texas law, there is no liability on an employer for negligent supervision unless the employee committed an actionable tort and was sued for it.[2] Communicating poorly written turnover instructions is not an actionable tort. After all, Shipley was an employee with Exelon for 17 years who had a lot of experience as a production and operation technician.

Shipley's claims are dismissed. He takes nothing from Exelon Corporation.

Signed on October 20, 2021, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge

---

[2] Brown v. Swett & Crawford of Texas, Inc., 178 S.W.3d 373, 383 (Tex. App. 2005)